IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD ALIRE, et al.,

    Plaintiffs,

vs.                                                                         No. CIV 00-555 MV/WWD

GILBERT VIGIL, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment, filed May 15, 2000 **[Doc. No. 6]**, and United States of America's Motion to Dismiss in Their Official Capacity, or In the Alternative, Motion for Summary Judgment, filed July 21, 2000 [**Doc. No. 12**]. The Court, having considered the motions, response, reply, relevant law, and being otherwise fully informed, finds that Plaintiffs' Motion for Summary Judgment is not well-taken and will be **DENIED** as moot, and Defendant's Motion to Dismiss is well taken and will be **GRANTED, in part**, as explained below. The case will be dismissed without prejudice.

## BACKGROUND

Plaintiffs appear in this matter *pro se*. They are members of the Hot Shot Crew for the Carson National Forest District. They allege various discriminatory actions by their supervisor, Steward Gore, the Fire Management Officer Mark Trujillo, and the District Supervisor, Gilbert

Vigil.

Plaintiffs filed a motion for summary judgment on May 15, 2000 **[Doc. No. 6]**. Plaintiffs requested that summary judgment be granted in their favor because Defendants did not respond to the complaint.

Defendants filed a Motion to Dismiss in Their Official Capacities, or in the Alternative, for Summary Judgment, on July 21, 2000 **[Doc. No. 12].** Defendants state that proper service was never effectuated on them for the claims against them in their official capacities. Defendants also state that plaintiffs have failed to allege jurisdiction, as they failed to state with particularity under what laws their claims lie. Defendants also state that the complaint has failed to allege with specificity any actions under Title VII or the Civil Service Reform Act (CSRA).

## STANDARD OF REVIEW

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways

that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)). "Dismissal is a severe sanction and is not ordinarily warranted if lesser sanctions would be effective." *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir.1993); *see also Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir.1994) (asserting that "[w]e are particularly concerned with the trial court's failure to consider whether a lesser sanction would be appropriate" when district court imposes the severe sanction of dismissal with prejudice).

Moreover, when a plaintiff is *pro se*, a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U. S. 519, 520-21 (1972). A *pro se* plaintiff's complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines*, 404 U.S. at 520-521.

## ANALYSIS

The United States defendant is correct in that the complaint alleges facts that support claims against the defendants in their official capacities. Under Title VII, "suits against individuals must proceed in their official capacity; individual suits are inappropriate." *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996) (citing *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993)). Therefore, although plaintiffs served their individual supervisors, they should have served

3

the United States. For the claims against the defendants in their official capacities, service is to be effectuated by delivering a copy of the summons and complaint to the United States Attorney (Norman Bay, Albuquerque, NM) and by registered or certified mail on the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i)(1)(A), (B) and (2). Plaintiffs therefore did not effectuate proper service.

In deciding whether to dismiss for improper service, or to allow another opportunity to effect service, the Court must first determine whether good cause has been established for the failure to serve. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000). If good cause exists, Plaintiffs are entitled to a mandatory extension of time in which to serve the defendant. While ignorance of the service requirements does not generally constitute good cause, *see Broitman v. Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996), here, when the plaintiffs are *pro se*, and when they have made a good faith effort to effectuate service, good cause may exist. The Court finds that the fact that plaintiffs are *pro se* provides good cause for not having effectuated proper service on the United States. Plaintiffs, not trained in the law, would not know that they in fact were alleging claims against the defendants in their official as opposed to individual capacities, nor would they know that in those circumstances the United States is the proper defendant, and further, that when the United States is a defendant, service is to be made on the United States Attorney and the Attorney General. Plaintiffs properly served the defendants individually, therefore, they made a good faith effort to effectuate service on the persons whom they thought were the appropriate defendants.

Defendants also argue that plaintiffs' complaint should be dismissed because they do not state the law under which they bring their claims. However, "[d]ismissal is a severe sanction and

is not ordinarily warranted if lesser sanctions would be effective." *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir.1993). Moreover, a *pro se* plaintiff's complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines*, 404 U.S. at 520-521. A review of the facts alleged in their complaint indicates that plaintiffs allege both claims of employment discrimination under Title VII and actions under the Civil Service Reform Act ("CSRA").

**Title VII Claims**

For the claims relating to employment discrimination, the Government is again correct that the exclusive remedy is § 717 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16. *See Brown v. General Serv. Admin.*, 425 U.S. 820, 829, 835 (1976); *see also Keesee v. Orr*, 816 F.2d 545, 547 (10th Cir. 1987). For claims under Title VII there are administrative exhaustion requirements that are prerequisites to bringing a cause of action in federal court. Because plaintiffs have not alleged that they have exhausted their administrative remedies, their suit will be dismissed without prejudice.

For claims under Title VII, a plaintiff must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. §2000e-5; *EEOC v. Shell Oil Co.*, 466 U.S. 54, 66 (1984). "The statute itself prescribes only minimal requirements pertaining to the form and content of charges of discrimination." *Shell Oil Co.*, 466 U.S. at 66. However, the statute does require that "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e-5(b); *Shell Oil Co.*, 466 U.S. at 66. The required content of the charge is further defined

by the Code of Federal Regulations, § 1601.12, which requires such information as the full name and address of the person charged and the number of people employed by the employer. But, C.F.R. § 1601.12 also states that, notwithstanding the provisions requiring specific information,

> a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.

*Id.*; *see also Peterson v. City of Witchita, Kansas*, 888 F.2d 1307, 1308 (10th Cir. 1989).

Although plaintiffs' complaint will be dismissed without prejudice, there is a possibility that, unless this Court invokes the doctrine of equitable tolling, plaintiffs' complaint will in effect be dismissed with prejudice. In a "deferral state" like New Mexico, a plaintiff must bring a charge of employment discrimination to the EEOC within 300 days of the date of the alleged discrimination.[1] *Mohasco Corp.*, 447 U.S. at 810; *Peterson*, 888 F.2d at 1308. This filing period "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982). Equitable tolling applies to suits involving federal employees. *See Irwin v. Veterans Admin.*, 498 U.S. 89 (1990). A "Title VII time limit will be tolled only upon a showing of "'active deception'" where, for example, the plaintiff has been "'actively misled'" or "'lulled into inaction by her past employer, state or federal agencies, or the courts.'" *Johnson v.*

---

[1] The statutory deadline depends on whether the state itself provides a means of redressing discriminatory conduct, in which case the plaintiff is afforded additional time to pursue a claim through the state agency and then lodge a complaint with the federal agency. *Mohasco Corp.*, 447 U.S. at 810; *Peterson*, 888 F.2d at 1308.

*United States Postal Serv.*, 861 F.2d 1475, 1480-81 (10th Cir.1988) (quoting *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984)), cert. denied, 493 U.S. 811 (1989)).

The dates on which the alleged discrimination occurred are not clear from plaintiffs' pleadings.  Plaintiffs filed the complaint on April 18, 2000, alleging discrimination in employment that occurred in the 1998 and 1999 seasons.  *See* Complaint at ¶ 6, 14.  Because the date on which the alleged discrimination occurred is unclear from plaintiffs' complaint, it is possible that plaintiffs at this point have missed the deadline to file a complaint with the EEOC.  Assuming that the last alleged discriminatory act occurred on December 31, 1999, plaintiffs would have had to file a complaint with the EEOC by the end of October of this year.  However, plaintiffs filed their complaint in this Court, with no notice or indication, being *pro se*, that they filed their complaint in the wrong place. Had the plaintiffs filed their charge with the EEOC instead of this Court on April 18, 2000, plaintiffs would most likely not have missed the 300-day deadline.  "We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Department of Veterans' Affairs*, 489 U.S. 89, 96 (1990) (citations omitted).  In *Burnett v. New York Central R. Co.*, 380 U.S. 424 (1965), the Court applied to doctrine of equitable tolling to excuse a plaintiff who timely filed the complaint in the wrong court); *see also Herb v. Pitcairn*, 325 U.S. 77 (1945) (same). Plaintiffs here timely filed a complaint, albeit in the wrong jurisdiction.  The only reason that plaintiffs will have missed the 300-day filing deadline with the EEOC is because of this Court's delay in issuing

7

this decision. Therefore, the Court regrettably finds that its busy docket "lulled" plaintiffs into inaction by not ruling on defendant's motion with enough time so that plaintiff's claim would still be timely under the EEOC statute of limitations. Therefore, the Court will apply the doctrine of equitable tolling to exclude the time from the filing of plaintiffs' complaint in this case, April 18, 2000, until the day of this Order.

**Claims Under the CSRA**

Plaintiffs also allege claims under the CSRA. The CSRA provides a comprehensive claims procedure for most government employees where there is an allegation of prohibited personnel practices. *See* 5 U.S.C. § 1214. A personnel action, generally, is defined by the statute as: an appointment; a promotion; an action (under chapter 75 of this title) or other disciplinary or corrective action; a detail, transfer, or reassignment; a reinstatement; a restoration; a reemployment; a performance evaluation (under chapter 43 of this title); a decision concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other action described in this subparagraph; a decision to order psychiatric testing or examination; and any other significant change in duties, responsibilities, or working conditions. *See* 5 U.S.C. § 2302(a)(2)(A)(i-xi). The "prohibited personnel practices" that are relevant to plaintiffs' claims are as follows is defined under the statute as:

> (1) discrimination for or against any employee or applicant for employment on the basis of race, color, religion, sex, or national origin, as prohibited under section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16);
>
> (2) soliciting or considering any recommendation or statement, oral or written, with

respect to any individual who requests or is under consideration for any personnel action unless such recommendation or statement is based on the personal knowledge or records of the person furnishing it and consists of–

> (A) an evaluation of the work performance, ability, aptitude, or general qualifications of such individual; or
> (B) an evaluation of the character, loyalty, or suitability of such individual;

... (6) grant any preference or advantage not authorized by law, rule, or regulation to any employee or applicant for employment (including defining the scope or manner of competition or the requirements for any position) for the purpose of improving or injuring the prospects of any particular person for employment;

... (10) discriminate for or against any employee or applicant for employment on the basis of conduct which does not adversely affect the performance of the employee or applicant or the performance of others; except that nothing in this paragraph shall prohibit an agency from taking into account in determining suitability or fitness any conviction of the employee or applicant for any crime under the laws of any State, of the District of Columbia, or of the United States; or

... (12) take or fail to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of this title.

5 U.S.C. § 2302. Plaintiffs complain of racial discrimination; favoritism in hiring and promotions not based on merit; and demotions and firings not based on merit; therefore, they have alleged facts that come within the CSRA. The CSRA has set up a series of procedural safeguards for covered employees who have suffered adverse employment decisions. They include an appeal of that decision to the Merit Systems Protection Board ("MSPB"), *see* 5 U.S.C. § 7513(d), and review by the United States Court of Appeals for the Federal Circuit *See id.*, §§ 7703(a)(1) and (b)(1). As with Title VII, actions "complaining of activities prohibited by the CSRA are preempted by the CSRA," including constitutional and state law tort claims. *See Petrini v. Howard*, 918 F.2d 1482, 1484-85 (10th Cir. 1990).[2]

---

[2] The CSRA does not preempt Title VII claims. *See* 5 U.S.C. § 7703(b)(2).

9

Because plaintiffs did not exhaust their administrative remedies, the Court will dismiss the complaint as to the claims under the CSRA. The remaining issue is whether the Court will dismiss plaintiffs' CSRA claims with or without prejudice. Generally, a district court does not have jurisdiction over claims that fall under the statutory scheme laid out by the CSRA. *See Mescalero Apache Tribe v. Rhoades*, 804 F. Supp. 251, 254 (D.N.M. 1992). However, this Court is reluctant to dismiss plaintiffs' CSRA claims with prejudice because it is possible that an adverse agency decision will be unappealable to the MSPB. As the Court in *Mescalero Apache Tribe* found, the MSPB may lack jurisdiction to hear their claims, "for aggrieved employees have a right of direct appeal to the MSPB only where relatively serious sanctions are invoked." *Id.*, 804 F. Supp. at 255. Plaintiffs allege adverse employment decisions, some of which may not be serious enough to warrant appeal to the MSPB. At this stage, the Court is not convinced that the CSRA is exhaustive of plaintiffs claims, and will therefore dismiss plaintiffs CSRA claims without prejudice.

**Plaintiff's Motion for Summary Judgment**

Plaintiffs filed a motion for Summary Judgment on May 15, 2000, arguing that because defendants did not answer the complaint, they were entitled to judgment as a matter of law. As the Court stated above, plaintiffs did not effectuate proper service. Because plaintiffs' complaint will be dismissed without prejudice, their motion for Summary Judgment will be denied as moot.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for Summary Judgment is hereby **DENIED as moot**, and Defendants' Motion to Dismiss is hereby **GRANTED**. The

complaint will be dismissed without prejudice.

    **DATED** this 6th day of February, 2001.


                                                                             _____
                                                                             MARTHA VÁZQUEZ
                                                                             United States District Judge

<u>Attorney for Plaintiffs</u>
       *Pro se*

<u>Attorney for Defendants</u>
       Manuel Lucero